**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INGINIO HERNANDEZ, | No. 19-16782 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00606-MMD-CBC |
| v. | |
| ROMEO ARANAS; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| GOODINEZ, Nurse, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Nevada state prisoner Inginio Hernandez appeals pro se from the district

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Hernandez failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his shoulder, spine, or finger injuries. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates).

We reject as without merit Hernandez's contentions that the district court failed to conduct a de novo review of the magistrate judge's Report and Recommendation, or improperly resolved questions of fact reserved for a jury.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court.

*See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**